**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

-----------------------------------------------------------------

| | |
|---|---|
| **PUBLIC BROADCASTING SERVICE** ) | |
| 1225 South Clark Street ) | |
| Arlington, Virginia  22202 ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| **S2BN FOLK REVIVAL LLC,** ) | **JURY TRIAL DEMANDED** |
| **JACOB COHL** ) | |
| **169 Madison Avenue** ) | |
| **Suite 38201** ) | |
| **New York, New York 10016** ) | |
| ) | |
| **S2BN HOLDINGS, INC.,** ) | |
| **S2BN ENTERTAINMENT CORPORATION** ) | |
| **1140 Broadway, 4ᵗʰ Floor** ) | |
| **New York, New York  10001** ) | |
| ) | |
| Defendants. ) | |

-----------------------------------------------------------------

**COMPLAINT FOR MONEY DAMAGES**

**INTRODUCTION**

1. Plaintiff Public Broadcasting Service ("PBS") brings this action to recover $200,000 it advanced in good faith to fund a documentary program pursuant to a licensing agreement dated November 9, 2023 (the "License Agreement"), only to discover that the entity with which it contracted — S2BN Folk Revival LLC — does not legally exist and never did.  PBS paid $200,000 to a phantom LLC that was never formed under the laws of any state or jurisdiction and that failed to produce the program and required deliverables under the License Agreement. The individual who signed the contract, Defendant Jacob Cohl, repeatedly warranted that the contracting entity had full legal capacity — a warranty he reaffirmed in writing as recently as February 12, 2025, by which time the fraud had been

ongoing for over a year. The entity that received and retained PBS's funds, Defendant S2BN Holdings, Inc., did so at the direction of its own attorney, who identified himself as Head of Legal and Business Affairs for the entire S2BN enterprise. A third entity, S2BN Entertainment Corporation, shares the same address, the same Chief Executive Officer, the same legal counsel, the same registered agent, and the same corporate infrastructure as Defendant S2BN Holdings, Inc., and appears to be the actual operating entity behind this entire transaction.

2. PBS seeks recovery of the $200,000 advance, consequential damages for the costs of replacing the failed programming in its fundraising drives, punitive damages based on Defendants' willful and fraudulent conduct, attorneys' fees, and all other appropriate relief.

## THE PARTIES

3. Plaintiff Public Broadcasting Service ("PBS") is a nonprofit corporation organized under the laws of the District of Columbia, with its principal place of business at 1225 South Clark Street, Arlington, Virginia 22202.  PBS is a public media organization that distributes programming to member public television stations across the United States.

4. Defendant S2BN Folk Revival LLC purports to be a limited liability company. Upon investigation, PBS has determined that S2BN Folk Revival LLC was never organized or formed as a limited liability company under the laws of the State of New York, the State of Delaware, the Commonwealth of Virginia, or any other state or jurisdiction in the United States.  S2BN Folk Revival LLC is therefore a non-existent legal entity.  The address listed for S2BN Folk Revival LLC in the License Agreement is 235 Park Avenue South, 5th Floor, New York, NY 10003.  The putative president of S2BN Folk Revival LLC, Jacob Cohl, now asserts that the Defendant's address is 169 Madison Avenue, Suite 38201, New York, New

York 10016.  On information and belief, this location does not contain actual offices for any S2BN entity but is a shared workspace maildrop location.

5. Defendant S2BN Holdings, Inc. ("Holdings") is a corporation organized under the laws of Delaware, with a principal place of business at 1140 Broadway, 4th Floor, New York, New York 10001.  On December 1, 2023 Holdings was identified by its attorney Marc Stollman in a payment direction letter ("Payment Direction Letter") as the sole and controlling member of S2BN Folk Revival LLC and as the entity authorized to receive the $200,000 advance on behalf of S2BN Folk Revival LLC.  Holdings principal place of business at that time was 235 Park Avenue South, 5th Floor, New York, New York 10003.  PBS wired $200,000 to Holdings' bank account on December 19, 2023 in direct reliance on Stollman's written direction.  Holdings now maintains a principal place of business at 1140 Broadway, 4th Floor, New York, New York 10001. The Chief Executive Officer of Holdings is Glenn Orsher.

6. Defendant S2BN Entertainment Corporation ("S2BN Entertainment") is a corporation organized under the laws of Delaware, with a principal place of business at 1140 Broadway, 4th Floor, New York, New York 10001.  In December 2023, S2BN Entertainment's principal place of business was 235 Park Avenue South, 5th Floor, New York, NY 10003 — the same address listed for S2BN Folk Revival LLC in the License Agreement and the address appearing on the letterhead of attorney Marc Stollman's Payment Direction Letter. Marc Stollman identified himself in that letter as "Head of Legal and Business Affairs for S2BN Holdings, Inc., S2BN Entertainment, and all related entities," establishing that S2BN Entertainment is part of the same integrated enterprise as Holdings and Folk Revival LLC. The Chief Executive Officer of S2BN Entertainment  is Glenn Orsher.  The Vice President of Experiential / Exhibitions at S2BN Entertainment from 2023 to the present is Defendant

Jacob Cohl.  Upon information and belief, S2BN Entertainment is the actual operating entity that controls, directs, and has benefited from the transactions at issue in this case.

7.  Defendant Jacob Cohl ("Cohl") is, on information and belief a resident of the State of New York, and maintains a mailing address of 169 Madison Avenue, Suite 38201, New York, New York 10016.  Cohl held himself out as President of S2BN Folk Revival LLC and executed the License Agreement on November 10, 2023 and Amendment No. 1 on February 12, 2025, in that purported capacity.  As a person who executed contracts on behalf of a non-existent legal entity, Cohl is personally liable on those contracts as a matter of law.  At the time Cohl executed the License Agreement and Amendment No.1 to the License Agreement, and to the present day, he held the position of Vice President of Experiential / Exhibitions at Defendant S2BN Entertainment.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff PBS is a citizen of the District of Columbia (incorporation) and the Commonwealth of Virginia (principal place of business). Defendants are citizens of states other than Virginia and the District of Columbia.

9.  Venue is proper in the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, PBS's principal place of business is located in Arlington, Virginia, and because Paragraph 19(d) of the Standard Terms and Conditions of the License Agreement contains an express, irrevocable consent to jurisdiction clause in which the parties agreed that "state and federal courts located in Virginia shall have jurisdiction over any suit or other proceeding

arising out of or based upon this Agreement" and each party "irrevocably agrees that it is subject personally to the jurisdiction of such courts and waives any claim that it is not subject personally to the jurisdiction of any such court or that any such suit or other proceeding is brought in an inconvenient forum or improper venue."

10. The License Agreement further provides in Paragraph 19(d) that it "is governed by the law of the Commonwealth of Virginia applicable to contracts performed entirely therein." Virginia law accordingly governs this dispute.

### FACTUAL BACKGROUND

### A. The License Agreement and Express Warranties

11. Effective November 9, 2023, PBS and S2BN Folk Revival LLC entered into a PBS Fundraising Program License Agreement (the "License Agreement") pursuant to which S2BN Folk Revival LLC agreed to create and license to PBS a documentary program titled "The Folk Revival: Then and Now" (the "Program"). The Program was to consist of three sixty-minute original episodes and one sixty-to-eighty-minute compilation episode, intended for initial release during the September 2024 PBS fundraising drive. The total License Fee payable by PBS to S2BN Folk Revival under the Agreement was $550,000.  The License Agreement was executed by Defendant Cohl, who signed in his capacity as President of S2BN Folk Revival LLC, on November 10, 2023.  The License Agreement is attached hereto as Exhibit 1.

12. Paragraph 12(a) of the Standard Terms and Conditions incorporated into the License Agreement contains express warranties by Licensor, including the warranty in Paragraph 12(a)(i) that Licensor "has the full power, legal capacity and authority to enter into this

Agreement and to carry out its terms." This warranty was false when made. S2BN Folk Revival LLC did not legally exist at the time of execution and has never legally existed.

13. Additional express warranties made by Licensor under Paragraph 12(a) of the Standard Terms and Conditions include: that Licensor has secured all rights necessary to grant the rights provided to PBS (§ 12(a)(ii)); that the Program would be furnished to PBS free and clear of any liens or encumbrances (§ 12(a)(iv)); that no arrangement has been entered into that could interfere with the rights granted to PBS (§ 12(a)(viii)); and that Licensor has secured all rights, releases, clearances and licenses with respect to all materials and elements in the Program (§ 12(a)(x)). Each of these warranties was made by a non-existent entity through an individual — Cohl — who knew or should have known the entity had no legal existence.

14. Paragraph 2 of the Standard Terms and Conditions require that the Licensor "take all steps necessary and appropriate to protect all copyright and other property rights in the Program." The United States Copyright Office has no record of any filing made by S2BN Folk Revival LLC in relation to the Program.

15. Under paragraph 12 of the Specific Terms of the License Agreement (the License Fee Payment Schedule), PBS agreed to advance $200,000 within thirty days following mutual execution of the Agreement and PBS's receipt and approval of the requisite invoice. The remaining two $175,000 installments were contingent on delivery milestones.

16. Paragraph 3(g) of the Standard Terms and Conditions expressly states that "timely delivery of the Program and all Program Materials at Licensor's expense is of the essence of this Agreement" and that failure to timely deliver constitutes a material default. Paragraph 3(g)

further provides PBS the right to charge Licensor for PBS's reasonable costs in substituting another program or promotional material for the undelivered Program.

17. Paragraph 3(h) of the Standard Terms and Conditions provides that if, following a cure period, Program Materials do not conform to the Agreement in PBS's reasonable judgment, PBS has the right to terminate the License Agreement, in which case "Licensor shall promptly return to PBS the full amount of the License Fee" paid. Paragraph 14 of the Standard Terms and Conditions provides additional termination and refund rights upon material default.

18. Paragraph 19(c) of the Standard Terms and Conditions governs assignment of the Agreement. While PBS may freely assign, Licensor has no right to assign the License Agreement "except with regard to its right to receive monies in accordance with this Agreement, which shall be subject to written notice to and prior written approval by PBS, such approval not to be unreasonably delayed or withheld."

### B. The Payment Direction Letter and Wire Transfer to S2BN Holdings

19. On December 1, 2023, PBS received a written letter from Marc Stollman, Esq., on letterhead identifying him as acting on behalf of "S2BN Entertainment Corporation" at 235 Park Avenue South, 5th Floor, New York, NY 10003 — the same address listed for S2BN Folk Revival LLC in the License Agreement. In that Payment Direction Letter, Stollman identified himself as "Head of Legal and Business Affairs for S2BN Holdings, Inc., S2BN Entertainment, and all related entities." The Payment Direction Letter is attached hereto as Exhibit 2.

20. Stollman's letter stated that "S2BN Folk Revival LLC is wholly owned by S2BN Holdings, Inc., as its only and controlling Member" and directed PBS to wire the $200,000 advance to

S2BN Holdings' bank account, representing that "payment to S2BN Holdings is requested and constitutes payment to S2BN Folk Revival under the License."

21. Stollman's payment direction was made without PBS's prior written approval as required by Paragraph 19(c) of the Standard Terms. No prior written approval from PBS for this payment redirection was ever sought or obtained.

22. In reasonable reliance on Stollman's written representations — and on the affirmative representation that Holdings was the authorized parent entity of the contracting party — PBS wired $200,000 to S2BN Holdings' bank account on December 19, 2023.

23. S2BN Holdings, Inc. received, accepted, and has obtained the use of the $200,000 wire transfer. At no time did any Defendant disclose to PBS that S2BN Folk Revival LLC had not been legally formed and did not legally exist as a limited liability company or in any other legal capacity.

### C. The License Agreement; Deliverables Schedule and The First Round of Missed Deadlines

24. The License Agreement incorporated as Exhibit 1 hereto sets forth a detailed Deliverables list for pledge Programs setting out specific delivery deadlines for program materials, rough cuts, promotional materials, certificates of liability, music cue sheets, on-air promos, and program masters, all keyed to the September 2024 PBS fundraising drive. Defendant Cohl and S2BN Folk Revival LLC failed to meet these delivery deadlines, including failing to deliver the completed Program for the September 2024 air date.

### D. Amendment No. 1, Reaffirmation of False Warranties, and The Second Round of Missed Deadlines

25. On February 12, 2025, PBS and S2BN Folk Revival LLC entered into Amendment No. 1 to the License Agreement ("Amendment No. 1"), which is attached hereto as Exhibit 3.

Amendment No. 1 was again executed by Defendant Cohl as President of S2BN Folk Revival LLC. Amendment No. 1 extended the Program release date to the December 2025 PBS fundraising drive and replaced the original deliverables schedule with a revised, highly detailed schedule specifying deadlines for each episode across multiple production stages.

26. The revised schedule set forth in Amendment No. 1 established the following specific delivery deadlines, among others: detailed budget due January 31, 2025; second rough cuts of Episodes 1 and 2 due no later than January 17, 2025; first rough cut of Episode 3 due no later than March 14, 2025; teleconference clip due by August 22, 2025; second rough cuts of Episodes 3 and 4/Compilation due no later than September 12, 2025; and final masters for all episodes due no later than October 3, 2025.

27. Critically, Paragraph 6 of Amendment No. 1, titled "Reaffirmation and Restatement," expressly provides: "PBS and Producer each reaffirm and restate all of their respective representations and warranties as set forth in the Agreement as of the Amendment No. 1 Effective Date." By executing Amendment No. 1 on February 12, 2025, Cohl — signing on behalf of the non-existent S2BN Folk Revival LLC — reaffirmed, restated, and renewed the false warranty of legal capacity contained in Paragraph 12(a)(i) of the License Agreement. This reaffirmation of a known false warranty constitutes an independent act of fraud.

28. Paragraph 7 of Amendment No. 1 further states: "Except as amended hereby in this Amendment No. 1, all of the terms of the Agreement shall remain in full force and effect and are hereby ratified and confirmed in all respects." This ratification clause expressly confirms that all warranties, obligations, and repayment obligations of the original License Agreement survived Amendment No. 1 in full.

29. Following execution of Amendment No. 1, Defendant Cohl again failed to meet the revised production and delivery deadlines. The deliverables schedule required numerous deliveries beginning as early as January 2025. PBS received none of the required deliverables in conformance with the Agreement, as amended.

### E. Termination and Defendants' Refusal to Return the Advance

30. On September 26, 2025 — after Defendants had missed virtually every deadline in the revised deliverables schedule — PBS delivered written notice to S2BN Folk Revival LLC that PBS was terminating the License Agreement pursuant to Paragraph 3(h) of the Standard Terms and Conditions, based on Defendants' failure to meet production deadlines and material breach of the Agreement.

31. S2BN Folk Revival LLC failed to cure its defaults within any applicable cure period following receipt of PBS's termination notice.

32. Upon termination, pursuant to Paragraphs 3(h) and 14 of the Standard Terms, the $200,000 advance became immediately due and payable to PBS.  Defendants have refused and failed to return the advance or any portion thereof.

### F. Discovery That S2BN Folk Revival LLC Does Not Legally Exist

33. Following Defendants' refusal to return the advance, PBS conducted an investigation into the legal status of S2BN Folk Revival LLC. That investigation revealed that S2BN Folk Revival LLC was never organized, formed, or registered as a limited liability company — or in any other legal form — under the laws of the State of New York, the State of Delaware, the Commonwealth of Virginia or any other state or jurisdiction in the United States.

34. S2BN Folk Revival LLC is, and at all relevant times was, a legal nullity — a non-existent entity incapable of entering into contracts, holding property, or undertaking legal obligations in its own name.

35. Defendant Cohl knew or should have known at all relevant times that S2BN Folk Revival LLC did not legally exist. By executing the License Agreement on November 10, 2023 and Amendment No. 1 on February 12, 2025 in the name of S2BN Folk Revival LLC, by warranting that entity's legal capacity on both occasions, and by holding that entity out as a lawfully formed limited liability company, Cohl made repeated material misrepresentations of fact to PBS.

36. Defendant Holdings, as the purported sole and controlling member of S2BN Folk Revival LLC, knew or should have known that S2BN Folk Revival LLC did not legally exist at the time its attorney directed PBS to wire $200,000 to Holdings' bank account, and at all subsequent times.

37. Defendant S2BN Entertainment, as the entity on whose letterhead Stollman directed the payment and whose counsel orchestrated the wire transfer, knew or should have known of the non-existence of S2BN Folk Revival LLC and participated in the scheme to induce PBS's payment.

38. PBS has made written demand to Defendant Cohl, and to S2BN attorney Stollman for repayment of the $200,000 advance. Defendants have failed and refused to return any sums to PBS.

**CLAIMS FOR RELIEF**

**COUNT I — BREACH OF CONTRACT (Against All Defendants)**

39. PBS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40. The License Agreement and Amendment No. 1 constitute valid and enforceable contracts. To the extent S2BN Folk Revival LLC is a non-existent entity, Defendant Cohl, as the individual who executed those agreements on its behalf, is personally bound by and liable under those contracts as a matter of law.

41. Defendant S2BN Holdings, Inc. is liable for the obligations of defendant S2BN Folk Revival LLC under the License Agreement because defendant S2BN Holdings, Inc. received the $200,000 advance payment and defendant S2BN Holdings, Inc. is merely an alter ego of the non-existent entity S2BN Folk Revival LLC.

42. Defendant S2BN Entertainment Corporation is liable for the obligations of defendant S2BN Folk Revival LLC under the License Agreement because defendant S2BN Entertainment shares direct corporate ownership and management with S2BN Holdings (common attorney and common Chief Executive Officer), and at the time defendant Cohl entered into the License Agreement he held the position of Vice President of S2BN Entertainment Corporation.  Thus, S2BN Entertainment Corporation is an alter ego of the non-existent entity S2BN Folk Revival LLC.

43. PBS fully performed its obligations under the License Agreement, including timely payment of the $200,000 advance.

44. Defendants materially breached the License Agreement and Amendment No. 1 by, among other things: (a) failing to deliver the Program by the September 2024 deadline; (b) failing to

meet the detailed deliverables deadlines set out in the original Exhibit A; (c) failing to meet the detailed deliverables deadlines set out in the revised Exhibit A attached to Amendment No. 1, including deadlines beginning in January 2025; (d) failing to deliver the Program by the amended December 2025 deadline; (e) failing to cure defaults following PBS's September 26, 2025 termination notice; and (f) failing to return the $200,000 advance upon termination as required by Paragraphs 3(h) and 14 of the Standard Terms.

45. As a direct and proximate result of Defendants' breach, PBS has suffered damages of not less than $200,000 representing the unreturned advance, plus consequential damages including reasonable costs incurred in substituting other programming for its September 2024 and December 2025 fundraising drives, to be proven at trial.

### COUNT II — PERSONAL LIABILITY ON CONTRACT FOR NON-EXISTENT ENTITY (Against Jacob Cohl)

46. PBS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

47. Under the law of Virginia and the laws of any other applicable jurisdiction, a person who executes a contract purportedly on behalf of a non-existent or never-formed legal entity is personally liable on that contract. See Va. Code Ann. § 13.1-1021.1; see also Restatement (Second) of Agency § 326.

48. At the time Cohl executed the License Agreement on November 10, 2023, and at the time he executed Amendment No. 1 on February 12, 2025, S2BN Folk Revival LLC did not legally exist as a limited liability company or in any other legal form.

49. By purporting to execute binding contracts on behalf of a non-existent entity on two separate occasions, Cohl became personally liable for all obligations arising under those contracts,

including the obligation to return the $200,000 advance upon termination. PBS is entitled to a judgment against Defendant Cohl personally for all amounts owed.

## COUNT III — BREACH OF EXPRESS WARRANTY (Against All Defendants)

50. PBS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

51. Paragraph 12(a)(i) of the Standard Terms contains an express warranty by Licensor that it "has the full power, legal capacity and authority to enter into this Agreement and to carry out its terms." This warranty was false when made on November 10, 2023.

52. Paragraph 6 of Amendment No. 1, executed on February 12, 2025, contains an express "Reaffirmation and Restatement" clause under which Cohl, signing on behalf of S2BN Folk Revival LLC, reaffirmed and restated all representations and warranties in the Agreement as of the Amendment No. 1 Effective Date. This constituted a second, independent false warranty of legal capacity — made more than fourteen months after the original Agreement was executed.

53. PBS relied on these express warranties in executing the License Agreement, paying the $200,000 advance to S2BN Holdings as alter ego of S2BN Folk Revival LLC (and for the benefit and use of S2BN Entertainment Corporation as alter ego of S2BN Folk Revival LLC), and executing Amendment No. 1. PBS would not have taken any of these actions had it known the warranties were false.

54. As a direct and proximate result of Defendants' breach of express warranty, PBS has suffered damages of not less than $200,000, plus consequential damages to be proven at trial.

**COUNT IV — FRAUD AND FRAUDULENT MISREPRESENTATION (Against S2BN Holdings, Inc., S2BN Entertainment Corporation, and Jacob Cohl)**

55. PBS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

56. Defendants made the following material misrepresentations of fact to PBS: (a) that S2BN Folk Revival LLC was a duly organized and existing limited liability company with legal capacity to enter into contracts, as expressly warranted under Paragraph 12(a)(i) of the License Agreement; (b) that Jacob Cohl was the duly authorized President of S2BN Folk Revival LLC with authority to bind it to the License Agreement and Amendment No. 1; (c) that S2BN Folk Revival LLC was wholly owned and controlled by S2BN Holdings, Inc. and that Holdings was therefore authorized to receive the advance on behalf of the contracting party; and (d) that all representations and warranties in the Agreement remained true and correct as of February 12, 2025, as reaffirmed by Cohl in the Reaffirmation and Restatement clause of Amendment No. 1.

57. These representations were false. Defendants knew, or recklessly disregarded, their falsity at the time they were made. The reaffirmation of false warranties in Amendment No. 1 on February 12, 2025 — more than fourteen months after the initial Agreement was executed — constitutes a separate and independent fraudulent misrepresentation.

58. Defendants made these misrepresentations with the intent to induce PBS to enter into the License Agreement, pay the $200,000 advance, wire those funds to S2BN Holdings' account, and execute Amendment No. 1.

59. PBS justifiably relied on Defendants' misrepresentations. PBS would not have entered into the License Agreement, paid the advance, or executed Amendment No. 1 had it known that S2BN Folk Revival LLC did not legally exist.

60. As a direct and proximate result of Defendants' fraud, PBS suffered damages of not less than $200,000, plus consequential damages to be proven at trial. Defendants' conduct was willful, wanton, and in conscious disregard of PBS's rights, warranting an award of punitive damages.

### COUNT V — UNJUST ENRICHMENT (Against S2BN Holdings, Inc., S2BN Entertainment Corporation, and Jacob Cohl)

61. PBS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

62. PBS conferred a direct benefit upon Defendants by wiring $200,000 to S2BN Holdings' bank account on December 19, 2023. Defendants appreciated and accepted that benefit. S2BN Holdings received the wire transfer, and Defendants have retained those funds to this day.

63. All Defendants as related enterprises and alter egos of S2BN Folk Revival LLC have been unjustly enriched.

64. Under the circumstances described herein — including Defendants' misrepresentations about the legal existence of S2BN Folk Revival LLC, the complete failure to deliver any programming, the reaffirmation of false warranties, and the termination of the Agreement — it would be inequitable and unjust for Defendants to retain the $200,000 advance. PBS is entitled to restitution in the amount of $200,000, plus interest.

### COUNT VI — MONEY HAD AND RECEIVED (Against S2BN Holdings, Inc. and S2BN Entertainment Corporation)

65. PBS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

66. PBS paid $200,000 to S2BN Holdings by wire transfer on December 19, 2023. That money was intended to fund production of the Program under the License Agreement. No Program

was ever delivered. The License Agreement was properly terminated by PBS. The consideration for which PBS paid the $200,000 has wholly failed.

67. S2BN Holdings has had and received $200,000 of PBS's money, which in equity and good conscience it ought to repay. Upon information and belief, S2BN Entertainment, as the controlling enterprise behind the S2BN entities, has also received the benefit of these funds. PBS is entitled to judgment against these Defendants in the amount of $200,000 plus interest.

## COUNT VII — CONVERSION (Against S2BN Holdings, Inc., S2BN Entertainment Corporation, and Jacob Cohl)

68. PBS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

69. PBS has a possessory right and interest in the $200,000 advance. The Program was never delivered. The License Agreement was properly terminated by PBS. Upon termination, pursuant to Paragraphs 3(h) and 14 of the Standard Terms, the $200,000 became returnable to PBS and PBS has a right to immediate possession thereof.

70. Defendants have intentionally exercised dominion and control over PBS's $200,000 in a manner that is inconsistent with PBS's rights. Despite demand, Defendants have refused to return the funds. Defendants' willful retention of PBS's funds warrants punitive damages.

## COUNT VIII — ALTER EGO / PIERCING THE CORPORATE VEIL (Against S2BN Holdings, Inc., S2BN Entertainment Corporation, and Jacob Cohl)

71. PBS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

72. Upon information and belief, S2BN Holdings, Inc., S2BN Entertainment Corporation, and S2BN Folk Revival LLC operated as a single integrated enterprise under the complete domination and control of Defendant Cohl and/or other unnamed co-conspirators. Among

other indicia of alter ego status: (a) all entities shared the same address at 235 Park Avenue South, 5th Floor, New York, NY 10003; (b) all entities share the same legal counsel, Marc Stollman, who identified himself as Head of Legal and Business Affairs for all of them; (c) funds advanced to S2BN Folk Revival LLC were directed to and retained in S2BN Holdings' bank accounts; (d) S2BN Folk Revival LLC had no independent legal existence; and (e) S2BN Entertainment's letterhead was used to conduct the financial affairs of S2BN Folk Revival LLC, suggesting a commingling of identity and function among all entities; (f) S2BN Holdings, Inc. and S2BN Entertainment Corporation share the same Chief Executive Officer, Glenn Orsher; and (g) at the time the License Agreement was executed by Jacob Cohl he held a Vice President position at S2BN Entertainment Corporation.

73. Defendants used S2BN Folk Revival LLC — an entity that did not even legally exist — as an instrument to induce PBS's payment, receive funds into Holdings' accounts, and then evade repayment obligations. This constitutes an abuse of the corporate form sufficient to justify disregarding any purported separateness between and among the S2BN entities.

74. Adherence to the fiction of separate corporate existence would sanction fraud and promote injustice. Holdings, S2BN Entertainment, and Cohl should be held jointly and severally liable for all obligations purportedly undertaken by S2BN Folk Revival LLC, including the obligation to return the $200,000 advance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Public Broadcasting Service respectfully requests that this Court enter judgment in its favor and against Defendants S2BN Folk Revival LLC, S2BN Holdings, Inc., S2BN Entertainment Corporation, and Jacob Cohl, jointly and severally, as follows:

A. Compensatory damages in the amount of $200,000, representing the unreturned advance;

B. Consequential damages, including PBS's reasonable costs in substituting other programming for its September 2024 and December 2025 fundraising drives, lost fundraising revenues attributable to the failed Program, and other consequential losses to be proven at trial;

C. Prejudgment interest at the applicable Virginia statutory rate from December 19, 2023 (the date of the wire transfer) through the date of judgment;

D. Punitive damages against all Defendants based on their fraudulent, willful, and wanton conduct, including the reaffirmation of false warranties in Amendment No. 1 on February 12, 2025;

E. Reasonable attorneys' fees and costs to the extent permitted by law or contract;

F. An order of restitution requiring Defendants to disgorge all amounts received from PBS;

G. A declaration that Jacob Cohl is personally liable on the License Agreement and Amendment No. 1 as a person who contracted on behalf of a non-existent entity;

H. A declaration that S2BN Holdings, Inc. and S2BN Entertainment Corporation are alter egos of S2BN Folk Revival LLC and jointly and severally liable for all obligations purportedly undertaken by that entity; and

I. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Public Broadcasting Service hereby demands a trial by jury on all issues so triable.

Dated: April 22, 2026

Respectfully submitted,


*/s/ Carmita Hedman Sequeira*
Carmita Hedman Sequeira, Esq.
Hedman Sequeira Law PLLC
2111 Wilson Blvd. Suite 800
Arlington, VA 22201
(703) 883-7808
Va. Bar No. 97672


Of Counsel:
Lars H. Liebeler, Esq.
Va. Bar No. 102287
Lars Liebeler PC
900 7th Street, N.W., Suite 725
Washington, D.C. 20001
(202) 216-2120
LLiebeler@LHL-LawFirm.com
(motion for admission to EDVA pending)